**In re Petition for DISCIPLINARY AC-TION AGAINST John August KRUEGER, a Minnesota Attorney, Registration No. 211503.**

**No. A04–303.**

Supreme Court of Minnesota.

July 12, 2004.

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent John August Krueger committed professional misconduct warranting public discipline, namely, notarizing a client release that contained a forged client signature; endorsing settlement checks that contained a forged client signature and withdrawing attorney fees from the settlement proceeds; failure to supervise a non-lawyer employee thus enabling the employee to negotiate and settle personal injury claims on behalf of a deceased client and to secure the forged client signatures on the release and settlement checks; and failure to timely file state and federal individual income tax returns in 1996 and 1997, in violation of Rules 4.1, 5.3(a), (b) and (c), 5.5 and 8.4(c) and (d), Minnesota Rules of Professional Conduct (MRPC).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a 30–day suspension from the practice of law followed by two years of supervised probation. The parties recommend that the reinstatement hearing provided for in Rule 18, RLPR, be waived and that reinstatement be conditioned upon (1) payment of $900 in costs and $825 as disbursements under Rule 24, RLPR; (2) successful completion of the professional responsibility portion of the state bar examination within one year of the date of this court's order; (3) compliance with Rule 26, RLPR; and (4) satisfaction of the continuing legal education requirements under Rule 18(e), RLPR.

Upon reinstatement, respondent shall be placed on supervised probation for a period of two years on the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and shall promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date this stipulation is executed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d below. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly or at such more frequent intervals as may reasonably be requested by the Director.

e. Within thirty days from the execution of this stipulation, respondent shall provide to the Director and to the probation supervisor a written plan outlining office procedures designed to ensure that respondent is in compliance with probation requirements. Such office procedures shall ensure that respondent has procedures in place to ensure the supervision of non-lawyer assistants consistent with respondent's obligations under the MRPC. Respondent shall provide progress reports as requested.

f. Respondent shall maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Opinion No. 9. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the approval of the court's order and thereafter shall be made available to the Director at such intervals as the Director deems necessary to determine compliance.

g. Respondent shall timely file all required state and federal tax returns,

including individual and employer withholding returns, and timely pay the taxes due thereon. Respondent shall affirmatively report to the Director, on or before the due date of the required returns, his compliance with filing and payment requirements. Such reports shall include copies of the required returns. On or before the filing deadline, respondent shall provide the Director with copies of all applications for filing extensions and proof of approval of such applications. Respondent shall provide all of the documents and information required herein without specific reminder or request.

The court has independently reviewed the file and approves the jointly recommended disposition.

Based upon all the files, records and proceedings herein,

IT IS HEREBY ORDERED that respondent John August Krueger is suspended for 30 days effective 14 days after the filing of this order and that he pay $900 in costs and $825 as disbursements pursuant to Rule 24, RLPR. Reinstatement is conditioned upon compliance with the jointly agreed-to conditions set forth above. Upon reinstatement respondent shall be placed upon supervised probation for a period of two years based upon the conditions set forth above.

BY THE COURT
/s/Paul H. Anderson
Associate Justice